NORTHWESTERN TELEPHONE EXCHANGE COMPANY, a Corporation, Respondent, v. WORKMEN'S COMPENSATION BUREAU OF THE STATE OF NORTH DAKOTA et al., Appellants,

and

THE GRAND FORKS STEAM LAUNDRY COMPANY et al., Respondents, v. WORKMEN'S COMPENSATION BUREAU OF THE STATE OF NORTH DAKOTA et al., Appellants.

(182 N. W. 269.)

**Injunction — continuing restraining orders pending determination of validity of orders of minimum wage commission held not an abuse of discretion.**

An application was made to the trial court for a temporary restraining order against the defendants, pending the determination of the above cases

upon their merits, which was granted. These cases were brought for the purpose of procuring a permanent injunction. Upon a motion before the trial court to continue the temporary order in force until the final determination of the cases upon their merits, an order to that effect was made.

The cases present, when tried upon their merits, questions of great importance. The trial court required of plaintiffs bonds in sufficient amount, and made provision for additional bonds in case of necessity, which would protect all parties interested or affected, if, upon final determination of the cases, they were determined adversely to plaintiffs.

In these circumstances, the trial court did not abuse its discretion in so continuing in force the temporary restraining orders.

Opinion filed March 21, 1921.

Appeals from orders of the trial court, continuing in force certain temporary restraining orders.

Appeal from District Court of Burleigh County, Honorable *W. S. Nuessle,* Judge of the Fourth Judicial District.

Order affirmed.

*Wm. Lemke,* Attorney General, and *Foster & Baker,* for appellants.

Under § 7214, Comp. Laws 1913, an injunction cannot be granted unless the bureau's orders are no manifestly arbitrary and unreasonable in their operation and effect as to justify this court in holding as a matter of law that the bureau acted without authority; the restraining order must be quashed. State ex rel. Dorgan v. Fisk, 15 N. D. 219, 107 N. W. 191, Comp. Laws 1913, § 7214; Louisville & ·N. R. Co. v. Garrett, 213 U. S. 289.

*Bangs, Hamilton, & Bangs,* and *Bangs & Robbins* for respondents.

The preliminary injunction was properly issued to maintain the status quo of the parties pending final determination. Denver & R. G. R. Co. v. United States, 124 Fed. 156; Harriman v. Northern Security Co. 132 Fed. 485; Carll v. Seider (N. J.) 26 Atl. 977; Western U. Teleg. Co. v. Penn. R. Co. 120 Fed. 981.

Such bureau constitutes a body in whose action all must participate or have an opportunity to participate. Grindley v. Barker, 1 B. & P. 229; Leavenworth, N. & S. R. Co. v. Meyer (Kan.) 49 Pac. 89.

Said bureau, after the attempted removal of L. J. Wehe, one of the commissioners, was without power to act. Leavenworth, N. & S. R. Co. v. Meyer, supra.

No public meeting was held as required by law. Sess. Laws 1919, chap. 174, § 7.

GRACE, J. The above cases are presented to this court on appeal from an order entered, in each granting a temporary restraining order. Each has been brought for the purpose of obtaining a permanent injunction against the defendants.

The complaints do not challenge the validity of the Workmen's Compensation Act, which is chapter 174, Session Laws of 1919. They challenge the validity, regularity, and reasonableness of certain orders and proceedings of the minimum wage department of the compensation bureau, and charge that such orders, or some of them, are violative of the 14th Amendment to the Federal Constitution; and further charge that certain of said orders are an unreasonable restriction of and violate plaintiffs' right of contract for service.

The plaintiffs further charge in their complaints, that, for several reasons not necessary here to mention, such orders were not lawfully made or issued.

The complaint in the telephone case is exceedingly long and consists of forty-one paragraphs, most of which are very extended. It is not necessary to set out the complaint. The complaint in the laundry case is in about the same situation, and is of the same general nature.

Each complaint prays for a permanent injunction. Some of the orders complained of fix minimum wages for certain classes of employees engaged in certain kinds of employment, which minimum wage, as thus fixed, is much higher, in many instances, than that ordinarily paid by plaintiffs.

None of the matters charged in the complaints, and put in issue by the answer, can be decided on this appeal. All of those matters and points involved will be for consideration and decision when the case is tried upon its merits in the trial court.

At the commencement of these actions, the plaintiffs, each respectively, applied for a temporary restraining order, restraining defendants from the enforcement of all the orders and proceedings complained of herein, until a determination of the cases upon their merits. This application was made to Judge A. T. Cole, and he issued a tem-

porary restraining order in each case, on the 13th day of August, 1920. The venue of the cases was afterwards removed to Burleigh county. A hearing was had before Judge W. L. Nuessle of the fourth judicial district, and on the 2d day of December, 1920, he made an order in each case continuing in force the temporary restraining order, until a determination of the cases upon their merits.

He further ordered that, pending final determination, the Northwestern Telephone Exchange Company should execute and file with the clerk of court a bond in the sum of $20,000, to be approved by the clerk, and conditioned for the prompt payment to each of such employees entitled thereto, the amount to which he or she would have been entitled under said minimum wage department orders aforesaid, over and above the amounts actually paid.

He further ordered that this company shall make, execute, and deliver to the clerk of court such further and additional bonds, in the sum of $20,000, each to be approved by such clerk as may from time to time be required and necessary to cover any amount or amounts in excess of the amount or amounts covered by the first, and any other bond or bonds that may hereafter be filed under the terms of the order. Conditioned, further, that such bonds were to be effective only in case the final determination of the action shall be that the minimum wage department orders are enforceable.

It will be noticed in the laundry case, that there are several distinct persons, firms, or corporations who are parties to the action, and the action is brought on their behalf and all other laundries similarly situated. In that case, the court ordered that each of the persons, firms, or corporations execute and deliver to the clerk of court, with approved sureties, a bond in the sum of $1,000, conditioned as above in the telephone case. The further provision was made that an additional $1,000 bond might be required of each of the plaintiffs, as from time to time necessity might require.

The issues in these cases, as appears from the pleadings, present important and far-reaching principles and questions of law, the determination of which will affect many kinds and classes of employers and employees.

The questions are not only of transcendent importance, but are in

this state presented for the first time.   As will be seen by the Compensation Act, it is of very recent origin.

What has been done by and under authority of that law, by the minimum wage department, as well as by the commissioners of the bureau, is presented in those cases for consideration, and the legality thereof in many respects is directly challenged.

As we view the matter, the issues and matters involved in these cases should not be discussed in this opinion, as it seems to us any such discussion here would be merely *obiter dicta*.   The lower court, in continuing the restraining orders, took precaution to protect the interested parties.   It would seem the plaintiffs were required to, and did, execute bonds which the trial court thought sufficient for the protection of employees interested or affected, or which might become affected, by a determination in favor of the defendants.   Precaution was also taken to provide for additional bonds in case necessity should require.

The only real question presented in this appeal is:   Did the lower court abuse its discretion in continuing in force the temporary restraining orders, until the final disposition of the cases upon their merits in the trial court?   This question, in all the circumstances of these cases, we are certain, must be answered in the negative.

In the circumstances of these cases, it is unnecessary to cite authority for the conclusion at which we have arrived.   This opinion is intended to, and does, dispose of the appeal in each of said cases above entitled, so far as the questions presented in those appeals are here presented.   We refrain entirely from expressing any opinion with reference to the merits of either case.

The order appealed from is affirmed.

The respondents are entitled to their statutory costs and disbursements on appeal.